UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-877(DSD/JJG)

R&A Small Engine, Inc.,

       Plaintiff,

v.                                                          **ORDER**

Midwest Stihl, Inc., a
Wisconsin corporation,

       Defendant.


    Roger E. Meyer, Esq. and Hajek, Meyer & Beauclaire, PLLC,
    3433 Broadway Street N.E., Suite 110, Minneapolis, MN
    55413, counsel for plaintiff.

    D. Clay Taylor, Esq., 1300 Nicollet Mall, Suite 5002,
    Minneapolis, MN 55403, counsel for defendant.


This matter is before the court upon defendant Midwest Stihl's motion for sanctions pursuant to Federal Rule of Civil Procedure 11. After a review of the file, record and proceedings herein, and for the reasons stated, the court denies defendant's motion.


**BACKGROUND**

Prior to September 8, 2006, plaintiff R&A Small Engine, Inc. ("R&A") voluntarily dismissed all claims in this action filed by Roger Sirois in his personal capacity as well as R&A's Heavy and Utility Equipment Dealer Act and negligent infliction of emotional distress claims. On September 8, the court heard oral arguments on defendant Midwest Stihl's motion for summary judgment. Immediately

following oral arguments and after the court took the motion under advisement, Midwest Stihl served R&A with its motion for Rule 11 sanctions.[1]   R&A did not withdraw its remaining claims.   On December 20, the court granted Midwest Stihl's motion and entered judgment in favor of Midwest Stihl on R&A's claims for violations of the Minnesota Franchise Act ("MFA") and tortious interference with business expectancy.   The facts and legal standards relevant to Midwest Stihl's motion for summary judgment are fully set forth in the court's order dated December 20, 2006.

Midwest Stihl now moves for sanctions on the basis that R&A's pursuit of this litigation violated the good faith requirements of Federal Rule of Civil Procedure 11.   Midwest Stihl filed its motion for sanctions on December 22, 2006, arguing that R&A's counsel violated Rule 11(b)(1-3) by not voluntarily withdrawing in a timely fashion all claims in this action in light of the court's prior decision in McGarvie v. Midwest Stihl, Inc., Civ. No. 4-96-1109, Doc. No. 38 (DSD/JMM) (D. Minn. Sept. 2, 1997) and the failure of R&A to establish during discovery any factual support for its claims.   Midwest Stihl contends that R&A's counsel violated the

---

[1]   Defendant thereby complied with the Rule 11 procedural requirements prior to filing the instant motion, including the 21-day safe harbor.   See Fed. R. Civ. P. 11(c)(1)(A); Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1030 (8th Cir. 2003).

Rule 11 good faith requirements when he signed the pleadings in this case and the opposition papers to Midwest Stihl's summary judgment motion.

## DISCUSSION

Rule 11 sanctions may follow when a pleading, written motion or other paper (1) is submitted to the court for an improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" (2) is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law; or (3) if the allegations contained therein lack evidentiary support. See Fed. R. Civ. P. 11(b)(1-3); Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1008 (8th Cir. 2006). To satisfy the requirements of Rule 11, an attorney is obligated to conduct a reasonable inquiry into the factual and legal basis for a claim. Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003). In determining whether sanctions are warranted, the court considers "whether a reasonable and competent attorney would believe in the merit of [the] argument." Id. (internal quotations omitted).

As a threshold matter, upon review of the affidavits of Roger Meyer and D. Clay Taylor, the court finds no basis to support sanctions under Rule 11(b)(1) because there is no evidence in the record that any of R&A's claims or opposition papers to the summary

3

judgment motion were filed for dilatory or improper purposes. Furthermore, the court will not impose sanctions for the claims voluntarily withdrawn by R&A prior to September 8, 2006, because those claims were withdrawn prior to Midwest Stihl serving R&A with the motion for sanctions.  As to the claims R&A refused to withdraw, for the reasons stated in the court's order dated December 20, 2006, R&A was not meritorious with its claims for violations of the MFA or tortious interference with business expectancy.  However, for the reasons that follow, the court concludes that the challenged factual and legal substance of those claims does not warrant sanctions under Rule 11 (b)(2) or (3).

R&A opposed Midwest Stihl's motion for summary judgment on its MFA claim by citing authority from other jurisdictions, attempting to distinguish the <u>McGarvie</u> case and relying heavily on this court's analysis of indirect franchise fees in <u>Pool Concepts, Inc.</u> <u>v. Watkins, Inc.</u>, Civ. No. 02-27, Doc. No. 20 (DSD/JMM) (D. Minn. Jan. 29, 2002).  R&A did not provide the court any authority that warranted a departure from the court's holding in <u>McGarvie</u> that funds paid into the Midwest Stihl advertising fund are not indirect "franchise fees" for purposes of the MFA.  However, R&A's arguments regarding whether the obligatory payments into the advertising cooperative constituted an indirect franchise fee were not frivolous, but rather nonfrivolous arguments for the modification or reversal of existing law.  R&A's reliance on the <u>Pool Concepts</u>

4

decision, albeit unsuccessful, was nonetheless colorable. Further, as indicated by the court in its summary judgment order, the types of fees that are considered by courts to be indirect franchise fees under the MFA is not a settled area of Minnesota law.

As to R&A's tortious interference claim, Midwest Stihl moved for summary judgment on that claim setting forth the legal standard applicable to claims for tortious interference with contract and tortious interference with prospective business advantage. R&A opposed Midwest Stihl's motion for summary judgment in two sentences bereft of any substantive legal argument.[2] In opposing the imposition of sanctions, R&A's counsel now belatedly provides the court his legal arguments as to why summary judgment was not warranted on the tortious interference claim. The decision by R&A's counsel to not inform the court of legal authority that he believed supported his client's position in this litigation and warranted denial of the motion for summary judgment was not only

---

[2] The entirety of R&A's argument on this issue was: "Midwest Stihl has failed to set forth neither a factual or [sic] legal basis as to why R&A's claim for interference with business expectancy should be dismissed. Thus, as a matter of law, Midwest Stihl's claim must be denied." (Pl.'s Mem. Opp'n Summ. J. at 14.) To which Midwest Stihl replied, in its entirety: "Midwest Stihl respectfully suggests that plaintiff overlooked pages 25-27 of its memorandum supporting this motion, as it contains precisely the factual and legal bases for which R&A is searching." (Def.'s Mem. Supp. Summ. J. at 4.) Transparently lacking in this quality of briefing, as well as the oral arguments on this issue, was citation to any legal authority relevant to the court's ultimate resolution of whether Minnesota courts recognize a substantive difference between a claim for tortious interference with business expectancy and tortious interference with prospective business advantage.

unsuccessful but strategically at his client's peril.  However, the court concludes that R&A's refusal to withdraw its tortious interference claim and cursory approach to opposing Midwest Stihl's motion for summary judgment does not rise to the level of unprofessional conduct that might warrant Rule 11 sanctions.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for sanctions [Doc. No. 36] is denied.

Dated: January 31, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court

6